# THE UNITED STATES BANKRUPTCY COURT
## Eastern District of Texas
### Plano Office

Suite 300B
660 North Central Expressway
Plano, TX 75074

Bankruptcy Proceeding No.: 18–40037
Chapter: 13
Judge: Brenda T. Rhoades

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
  Christina Elizabeth Pritts
  aka Christi Pritts, fka Christina Uvaldo
  3001 Lakefield Drive
  Little Elm, TX 75068

Social Security No.:
  xxx–xx–5330

Employer's Tax I.D. No.:

### NOTICE OF INTENT TO INITIATE DISCHARGE PROCESS IN A CHAPTER 13 CASE FILED ON OR AFTER OCTOBER 17, 2005

*YOU ARE HEREBY NOTIFIED* that a Notice of Plan Completion has been filed by Carey D. Ebert, Chapter 13 Trustee, in the above–referenced case. This Notice verifies to the Court that each of the above–referenced debtors in this case has completed all payments under the confirmed Chapter 13 plan for which the Chapter 13 Trustee served as the disbursing agent and that the process to determine the entitlement of each such debtor to an order of discharge should be initiated pursuant to 11 U.S.C. §1328(a). However, the provisions of the confirmed Chapter 13 plan may have designated the Debtor(s) to act as the disbursing agent for the payment of some claims provided for by the plan and the Court lacks sufficient information by which to ascertain the status of those payments. Other grounds may also exist which should properly preclude the entry of a discharge order at this time. Accordingly, the Court finds that just cause exists for the entry of the following order.

*IT IS THEREFORE ORDERED* that, *within 30 days of the date of this Notice,* each debtor must file:

(1) a "Statement of Debtor Regarding Applicability of 11 U.S.C. §522(q) in a Chapter 12 or 13 Case" in a format substantially conforming to TXEB Local Form 4004–c;

(2) a "Certification of Debtor Regarding Status of Domestic Support Obligations in a Chapter 12 or 13 Case" in a format substantially conforming to TXEB Local Form 4004–d; and

(3) unless it has previously been filed in the case, a "Certification of Completion of Instructional Course Concerning Personal Financial Management (Official Form 23).

**IT IS FURTHER ORDERED** that any objection to the entry of an order of discharge to each of the above−referenced debtors pursuant to 11 U.S.C. §1328(a), including any objection to the §522(q) Statement or the DSO Certification subsequently filed by the debtor(s), must be filed in this case ***within sixty (60) days of the date of the issuance of this order*** and served upon each debtor, the attorney for the debtor(s), and the Chapter 13 Trustee. If an objection is timely filed, then a hearing to consider the objection shall be scheduled under the normal procedures of the Court.

**IT IS FURTHER ORDERED** that, if no objections to the entry of the discharge order are timely filed, the Court shall proceed to determine the entitlement of each debtor to the entry of a discharge order pursuant to 11 U.S.C. §1328(a).

Dated: 3/1/23

/s/ Brenda T. Rhoades
U. S. Bankruptcy Judge